UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EMPIRE STATE CARPENTERS PENSION, WELFARE,
VACATION, ANNUITY, LABOR-MANAGEMENT
COOPERATION AND APPRENTICE TRAINING
FUNDS, by Patrick Morin and Joseph Olivieri, as Trustees,
and THE EMPIRE STATE REGIONAL COUNCIL OF
CARPENTERS, by Patrick Morin, Business Manager,

                  **REPORT AND**
           Plaintiffs,   **RECOMMENDATION**
                  CV 07-4613 (DRH)(ARL)

   -against-

PATERSON CONSTRUCTION LLC., JPH PAINTING,
INC., MILLENNIUM PAINTING, INC., and ROBERT
PATERSON,

           Defendants.
------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs. On June 8, 2009, Empire State Carpenters Pension, Welfare, Vacation, Annuity, Labor-Management Cooperation and Apprentice Training Funds ("Funds") moved to enter a default judgment against the defendants. The Clerk of the Court has issued a Notation of Default pursuant to Federal Rule of Civil Procedure 55(a), and District Judge Hurley entered default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

  Based upon the evidence submitted, the undersigned respectfully recommends that damages be awarded to the plaintiffs in the amount of $242,016.65, comprising $155,831.28 in unpaid fringe benefits, $37,401.49 in unpaid interest, $37,401.49 in liquidated damages and $11,382.39 in attorney's fees. The undersigned recommends that this award be entered jointly and severally against Paterson Construction LLC, JPH Painting, Inc., Millennium Painting, Inc.,

and Robert Paterson. The undersigned further recommends that judgment be entered ordering the defendants, within thirty days after notice of entry of judgment, to permit and cooperate in an audit of the defendants' books and records beginning on November 21, 2006, concerning the defendants' fringe benefit contributions to the Funds.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F.Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted). In this action, pursuant to the court's direction, the plaintiffs have submitted affidavits, exhibits and a memorandum of law in support of the award that they seek. This documentary evidence provides the court with a basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

**A.** **Liability**

The complaint seeks damages arising from defendants failure to provide payments for fringe benefits for the periods of January 1, 2003 through December 31, 2005, and for the period beginning on or after November 21, 2006. (Compl. ¶¶ 19, 34.) The plaintiffs in this matter,

2

Patrick Morin and Joseph Olivieri, are trustees of the Funds, which are benefits programs established for the benefit of Empire State Regional Council of Carpenters ("Union"), pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"). On November 13, 2001, the Union entered into a collective bargaining agreement ("Agreement") with Paterson Construction LLC ("Paterson LLC"). (*See* Clarity Decl., Ex. 1.) The Agreement governed rates of pay, wages, hours and other conditions of employment for Union members and certain others within the Union's geographic operation. (Compl. ¶ 15.) Throughout the life of the Agreement, Paterson LLC was required to pay benefit contributions as well as remit dues deductions to the Funds. (*Id.* ¶ 18.) Accordingly, the plaintiffs are entitled to award of damages against Paterson LLC for the periods that they seek.

The plaintiffs also seek damages jointly and severally against JPH Painting, Inc. ("JPH") and Millennium Painting, Inc. ("Millennium"). (*Id.* ¶¶ 52-54.) A court may treat separate companies as a single employer when there is a showing of "inter-relation of operations, common management, centralized control of labor relations and common ownership." *See Bourgal v. Robco Contracting Enters., Ltd.*, 969 F. Supp. 854, 863 (E.D.N.Y. 1997) (citations omitted). Given defendants' default, it is undisputed that starting on or about November 21, 2006, Paterson LLC shifted work arising under the Agreement to JPH and Millennium. (Compl. ¶ 24.) Although these companies are not parties to the Agreement, all were each managed and owned by Robert Paterson. (*Id.* ¶ 10.) In addition to common ownership, the companies shared the same mailing address, office staff, employees, control of labor relations and customer base. (*Id.* ¶¶ 25-41) Robert Paterson did not maintain separate bank accounts for the companies, nor did he engage in the arms-length transactions that are a common hallmark of legitimate stand-alone businesses. (*Id.* ¶ 42.) Given the substantial and uncontested showing that JPH and

3

Millennium were acting as alter egos of Paterson LLC, the undersigned recommends that these defendants be held jointly and severely liable for the claimed damages.

Further, the plaintiffs seek joint and several damages against Robert Paterson, individually. The standard for individual liability requires a showing that Mr. Paterson was a controlling corporate officer and that he committed an act of fraud. *See Bourgal*, 969 F.Supp. at 864 (citations omitted). Mr. Paterson, as the president, manager and sole proprietor of the three companies in question, held absolute control over the behavior of the enterprises. (Compl. ¶ 10.) He attempted to hide his fringe benefit obligations by shifting work from the Agreement-bound Paterson LLC to the unbound companies JPH and Millennium . (*Id.* ¶ 24.) The uncontested facts demonstrate Paterson's knowledge and intent to defraud the Funds, who relied on him to their detriment. (*Id.* ¶¶ 48-50.) The undersigned thus recommends that Mr. Peterson be found jointly and severally liable for the claim of damages.

**B.**   **Damages**

The plaintiffs seek damages under ERISA stemming from the defendants' failure to pay fringe benefit contributions for the period between January 1, 2003, and December 31, 2005. To support this claim, plaintiffs have submitted an audit of Paterson LLC's records. (*See* Clarity Decl., Ex. 2) The undersigned has reviewed these records and agrees with plaintiffs that, for the three-year period at issue, the unpaid contributions total $155,831.28. The undersigned thus recommends that this amount should be awarded to the plaintiffs.

ERISA mandates an award of interest on unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(B). As specified by the Agreement, the interest on unpaid contributions is assessed at the prime rate contemporaneous with the date of service. (*See* Clarity Decl., Ex. 1 at 11.) For the period of January 1, 2003 through June 1, 2009, this value totaled $37,401.49. (*See* Pl.'s

Statement of Damages; Clarity Decl., Ex. 3.) Accordingly, the undersigned recommends that this amount be awarded to the plaintiffs, plus any additional interest that has accrued from June 1, 2009, through the entry of judgment.

ERISA also provides the plaintiffs with a liquidated damages penalty equal to the greater value of either the interest or 20% of the delinquent claim. *See* 29 U.S.C. § 1132(g)(2)(C). The Agreement uses the same effective language to determine liquidated damages. (*See* Clarity Decl., Ex. 1 at 11.) In this case, the interest penalty eclipses a 20% liquidated damages value. (*See* Pl.'s Pl.'s Statement of Damages.) Accordingly, the plaintiffs are entitled to an additional $37,401.49 in liquidated damages, plus an amount equaling the additional interest that has accrued accrued from June 1, 2009, through the entry of judgment.

The plaintiffs also request $9,826.00 in attorneys' fees and $1,556.39 in costs pursuant to 29 U.S.C. § 1132(g)(2)(D). The plaintiffs' request for an award of attorneys' fees and costs is supported by the statute. When fixing a reasonable rate for the attorneys' fees, it is appropriate, however, for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonable comparable skill, experience and reputation. *See Simmons v. N.Y. Transit Auth.*, 575 F.3d 170 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 112 (2d Cir. 2007). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983).

In this matter, the plaintiffs were initially represented by Meyer, Suozzi, English & Klein, P.C., which claims 30.7 hours of work billed at varying levels from $175 to $225 per hour. Similarly, the plaintiffs' current firm, Archer, Byington, Glennon & Levine LLP, billed

5

17.95 hours at rates between $175 and $225 per hour. With both firms, the hourly billing rates were dependant on the seniority of the attorney handling the matter and the nature of the work. (*See* Clarity Decl., Exs. 4, 5.) These hourly rate are reasonable compared to similar cases brought in the Eastern District of New York. *See, e.g., Morin v. Modern Continental Construction Co., Inc.*, No. CV 07-4815(JFB)(WDW), 2009 WL 2551802 (E.D.N.Y. Aug. 17, 2009) ($175 to $225 per hour); *La Barbera v. Tadco Construction Corp.*, -- F. Supp. 2d --, No. CV 07-2791 (FB)(RER), 2009 WL 2447405 (E.D.N.Y. Aug. 10, 2009) ($280 per hour). Further, the amount of work expended is reasonable given the relative complexity of this action. The undersigned thus recommends that $11,382.39 in attorneys' fees be awarded to the plaintiffs.

Further, the plaintiffs seek $1,556.39 in costs, which include process services, filing fees, message services and travel expenses. These costs are routinely recoverable. *See Fuchs v. Tara General Contracting, Inc.*, No. CV 06-1282(ETB), 2009 WL 3756655, at **3-4 (E.D.N.Y. Nov. 3, 2009) (collecting cases). Accordingly, the undersigned recommends that $1,556.39 in costs be awarded.

Finally, the plaintiffs seek the right to audit the defendants' books for the period beginning on or about November 21, 2006, during which time the plaintiffs claim that the defendants again failed to make the necessary fringe benefit contributions. (Compl. ¶ 24.) Th plaintiffs have not sought a particular amount of damages on this separate claim because the defendants have failed to make the necessary records available for audit. (*Id.* ¶ 63, 64.) Accordingly, the undersigned recommends that the default judgment include an order directing the defendants, within thirty days after notice of entry of judgment, to permit and to cooperate in an audit of their books and records and to furnish to the Funds information, books, records and reports in accordance with ERISA and their obligations under the Agreement so that the

plaintiffs may calculate the additional and outstanding fringe benefit contributions owed by the defendants.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for the plaintiffs shall serve it on the defendants at their last-known addresses and shall file proof of service with the court forthwith. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 13, 2009

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge